# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-0235-WS |
| ) | |
| ANTHONY BROWN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant Anthony R. Brown's *pro se* filing styled "Motion for Return of Property and or Set Aside Forfeiture" (doc. 67).

On February 14, 2014, Brown entered a plea of guilty to Count Four of the Indictment, charging the offense of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). (*See* doc. 34.) On May 20, 2014, the undersigned sentenced Brown to a term of imprisonment of 36 months. (*See* docs. 52-53.) Brown filed a Notice of Appeal, and is presently pursuing a direct appeal of the Judgment before the Eleventh Circuit Court of Appeals.

Now, during the pendency of said direct appeal, Brown files what he calls a "Motion for Return of Property and or Set Aside Forfeiture." The subject of this Motion is a quantity of United States currency, totaling $22,150.00 (the "Currency"), that Brown contends was seized from his mother's residence (outside his presence) by City of Selma Police Department officers back on November 21, 2012. Brown suggests that the Currency belongs to him (without setting forth any supporting factual predicate), requests that the Currency be returned to him forthwith, and balks that he never received a notice of forfeiture, such that any order directing forfeiture of the Currency should be set aside. The Government has filed a Response (doc. 69) opposing the Motion.

As an initial matter, to the extent Brown is requesting that a forfeiture be set aside, his Motion is **moot**. There have been no forfeiture proceedings in this case. In this criminal matter, the Government did not request, and this Court did not enter, an order of forfeiture relating to the Currency, nor does the Judgment effectuate or reference forfeiture of the Currency or anything else. The Indictment (doc. 1) lacks a forfeiture allegation. Insofar, then, as Brown is operating

under the premise that there were formal forfeiture proceedings or judicial directives relating to the Currency encompassed in this criminal action, he is mistaken. Simply put, there is no forfeiture order, judgment or finding in this case that might be set aside.

Brown's Motion for Return of Property is governed by Rule 41(g) of the Federal Rules of Criminal Procedure, which provides, in part, as follows: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Rule 41(g), Fed.R.Crim.P. To prevail on such a motion, "a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp.2d 406, 409 (S.D.N.Y. 2005) (citations omitted); *see also United States v. Garcon*, 406 Fed.Appx. 366, 369 (11th Cir. Dec. 21, 2010) (recognizing that "a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues") (citation omitted). As the Government correctly points out, Brown has failed to satisfy the first and third prongs of this standard.[1]

With respect to the first element, it is well settled that "[i]n order for one to receive relief under Fed.R.Crim.P. 41(g), the individual must have an ownership right to the property in question." *United States v. Howell*, 425 F.3d 971, 977 (11th Cir. 2005). By his own admission, the Currency that Brown seeks to have "returned" to him was seized from his mother's residence, not from Brown's own person, vehicle or home. Brown has made no showing whatsoever that he has a possessory interest in the Currency, and a bare conclusory *ipse dixit* to that effect in the Motion is inadequate. *See Howell*, 425 F.3d at 974 ("In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government."). Moreover, given the fact of his ongoing direct appeal, Brown

---

[1] The Government's response asserts (without citation to authority) that Brown's Motion requires him to show that the property "was seized illegally." (Doc. 69, at 2.) By a plain reading of Rule 41(g) and its interpretive case law, however, a movant in Brown's shoes may obtain the return of even lawfully seized property if he establishes a possessory interest in the property and shows that the Government no longer needs it for evidentiary purposes. In that event, the legality or illegality of the underlying seizure would be irrelevant.

cannot show that the Government no longer has need of the Currency. Should Brown prevail on appeal and overturn his conviction, the Government may have legitimate need for the Currency as evidence in its case in chief during the ensuing trial. *See, e.g., Garcon*, 406 Fed.Appx. at 370 (explaining that Government was not obligated to return property in which defendant had possessory interest because Government would need such items as evidence in the event that defendant succeeded in his ongoing efforts to obtain a new trial).

For all of the foregoing reasons, defendant's "Motion for Return of Property and or Set Aside Forfeiture" (doc. 67) is **denied** insofar as Brown seeks return of the Currency at this time, and is **moot** insofar as he requests vacatur of any forfeiture order.[2]

DONE and ORDERED this 18th day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This ruling is without prejudice to Brown's ability to renew his Motion for Return of Property (upon a proper showing of ownership of the Currency) after his appeal is concluded. *See generally United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (when Rule 41(g) motion is filed after conclusion of criminal proceedings, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property") (citation omitted).