IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-0235-WS |
| | ) |
| ANTHONY BROWN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Anthony Brown's Motion to Set Aside Declaration of Forfeiture (doc. 82). The Motion has been briefed and is now ripe for disposition.

**I.   Relevant Facts.**

This Motion is the culmination of numerous attempts by defendant, Anthony Brown, to recover certain funds held by the Government that Brown insists belong to him. (*See* docs. 67, 71, 76, 82.) On November 21, 2012, law enforcement agents conducted a search at 2100 Royal Street, Selma, Alabama, a private residence owned by Brown's mother, Kimberly Renee Brown.[1] During that search, agents seized $22,155.00 in U.S. currency (the "Currency") from the residence. Such funds were turned over to the Drug Enforcement Administration ("DEA") for administrative forfeiture on December 26, 2012 (doc. 86, Att. V, at 6), on the theory that the Currency was derived from illegal drug transactions, thereby rendering it forfeitable pursuant to 21 U.S.C. § 881(a)(6).[2]

Under the Civil Asset Forfeiture Reform Act ("CAFRA"), in conducting administrative forfeiture of the Currency, the Government was obligated to provide notice by publication, as

---

[1]   The search was conducted pursuant to a warrant issued by a Dallas County judge, based on a City of Selma Police Department Narcotic Unit officer's affidavit documenting, *inter alia*, information from multiple confidential sources that Anthony Brown was storing and selling large quantities of marijuana at that location. (Doc. 86, Att. I.)

[2]   Brown disputes that the Currency constituted drug proceeds; instead, he characterizes it as self-employment income he earned from a trucking business, as well as proceeds of his lawful sales of "several pieces of property." (Doc. 82, Exh. B, ¶¶ 4-6.)

well as personal written notice to parties that might have an interest in the subject property. With respect to personal written notice, CAFRA provides that "such notice shall be sent in a manner to achieve proper notice as soon as practicable." 18 U.S.C. § 983(a)(1)(A)(i). To comply with this requirement, the DEA mailed separate Notices of Seizure to Brown, his mother and a third person (apparently Brown's sister) at the 2100 Royal Street address in Selma on January 14, 2013. (Doc. 86, Att. A.) Brown's mother signed certified mail return receipts for all three mailings on January 17, 2013. (Doc. 86, Att. B.) By Affidavit, Kimberly Brown confirms that she received such Notices of Seizure, mailed to her home address, including a Notice addressed to Anthony Brown. (Doc. 82, Exh. C, ¶ 1.) According to Kimberly Brown, she never mentioned the Notice of Seizure to her son Anthony until sometime in 2014. (*Id.*, ¶ 3.) Anthony Brown maintains that he did not reside at the 2100 Royal Street address in January 2013, but instead was living with his girlfriend at an unspecified location. (Doc. 82, at 3.) Brown elaborates that he never knew about the DEA forfeiture proceedings until "just recently." (*Id.* at 2.)

On their face, the Notices of Seizure identified the Currency as the property seized, as well as the date of DEA adoption and the place of the seizure, and specified the procedure for contesting forfeiture of such property. (Doc. 86, Att. A.) In particular, the Notices indicated that anyone wishing to contest the proposed forfeiture "must file a claim with the Forfeiture Counsel of the DEA by **February 18, 2013**. … Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding …." (*Id.*) Neither Brown nor the other two addressees of Notices of Seizure submitted a claim to the DEA within the designated time frame.

There being no claims submitted as to the Currency, and the requisite deadlines having expired, the DEA issued a Declaration of Forfeiture on April 17, 2013. (Doc. 86, Att. D.) That Declaration referenced the Notices of Seizure sent to Brown and two others, confirmed that notice had also been given by publication,[3] observed that no claims had been filed, and determined that there was sufficient information to support the proposed forfeiture. (*Id.*) On that

---

[3] Publication notice was properly accomplished by the inclusion of a legal notice at www.forfeiture.gov posted daily from January 28, 2013 through February 26, 2013. (Doc. 86, Att. C.) This published notice recited the Currency, the date and location of the seizure, and the name of the person from whom it was seized (*i.e.*, Kimberly Renee Brown), and delineated procedures and deadlines for contesting forfeiture. (*Id.*)

basis, the Declaration of Forfeiture concluded, "it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609." (*Id.*)

Brown did not challenge the validity of the DEA forfeiture, much less seek to set it aside, until filing his Motion to Set Aside Declaration of Forfeiture on May 11, 2015, more than two years after the underlying forfeiture took place. This is so even though Brown was furnished with documents at his arraignment in these criminal proceedings on December 11, 2013, disclosing the DEA's intended administrative forfeiture of the Currency. (Doc. 86, Att. V.)[4] Now, however, Brown requests that the Declaration of Forfeiture be set aside pursuant to 18 U.S.C. § 983(e) for insufficient notice.[5]

## II.     Analysis.

By its terms, § 983(e) allows a claimant to set aside a declaration of forfeiture if "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know

---

[4] In the criminal proceedings, Brown entered a plea of guilty on Count Four (possession with intent to distribute marijuana in February 2013, in violation of 21 U.S.C. § 841(a)(1)), but was acquitted as to Counts One, Two and Three (possession with intent to distribute marijuana in November 2012, use and possession of a firearm in furtherance of a drug trafficking crime in November 2012, and possession of a firearm by a convicted felon in November 2012) following a jury trial held in February 2014. (Docs. 34, 41.) Counts One, Two and Three all arose from the November 2012 search and seizure of the residence at 2100 Royal Street, while Count Four concerned a traffic stop on February 10, 2013 in which officers discovered marijuana packaged for sale in a vehicle that Brown was driving. Brown was sentenced to a term of imprisonment of 36 months on Count Four on May 20, 2014. (Docs. 52, 53.)

[5] Antecedent to his present § 983(e) challenge, Brown repeatedly moved for return of the Currency pursuant to Rule 41(g), Fed.R.Crim.P. However, the Government's revelation of the completed administrative forfeiture doomed Brown's attempts to recover the Currency through the Rule 41(g) mechanism, as a matter of law. *See, e.g., United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997) ("When property is retained pursuant to civil forfeiture, instead of for use as evidence, a Rule 41(e) motion is not available."); *United States v. Simon*, 2015 WL 1868343, *2 n.4 (11th Cir. Apr. 24, 2015) ("Relief under a Rule 41(g) motion … is not available when property has been retained pursuant to a civil forfeiture statute rather than as evidence."); *United States v. Berry*, 580 Fed.Appx. 770, 772 (11th Cir. Sept. 17, 2014) ("Rule 41(g) is not an appropriate vehicle for the return of property seized by civil forfeiture."). Congress has left no doubt that § 983(e) provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(A)-(B).  Brown's evidence is that the Government knew of his interest in the Currency and that he never knew or had reason to know of the Currency's seizure in time to file a timely administrative claim with the DEA.  Accepting that evidence as true (without deciding its veracity), the Motion to Set Aside Declaration turns on whether the Government "failed to take reasonable steps to provide [Brown] with notice."  This question is the decisive issue animating Brown's Motion and the accompanying briefs.

"The notice necessary to satisfy due process requires only that interested persons be given notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196-97 (11th Cir. 2005) (citation omitted). "Reasonable notice, however, requires only that the government attempt to provide actual notice; ***it does not require that the government demonstrate that it was successful in providing actual notice***." *Id.* at 1197 (emphasis added); *see also United States v. Simon*, 2015 WL 1868343, *2 (11th Cir. Apr. 24, 2015) ("Successful actual notice is not required; the government need only prove an attempt to provide actual notice.").  "Generally, notice is sufficient if mailed to an address reasonably believed to be that of the intended recipient." *United States v. Sewell*, 2014 WL 4599803, *4 (M.D. Ala. Sept. 12, 2014) (citations omitted).[6]

The Court readily concludes that the Government provided notice reasonably calculated, under all the circumstances, to apprise Anthony Brown of the pending DEA forfeiture proceedings and to afford him an opportunity to object.  The Government mailed Notice of

---

[6]   *See also Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005) ("Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice."); *United States v. Latham*, 54 Fed.Appx. 441, 445 (6th Cir. Dec. 27, 2002) ("Under these circumstances, the government's effort to send the letters to the place not only where the property was seized, but also Latham's last known address is reasonably calculated under all the circumstances to notify Latham of the forfeiture proceedings.") (citations and internal quotation marks omitted); *In re Seizure of $143,265.78 from Comerica Checking Account No. 1851349546*, 616 F. Supp.2d 699, 706 (E.D. Mich. 2009) ("The use of certified mail to a claimant's last known address – which apparently was done here – typically satisfies due process, even in the absence of actual notice."); *Brown v. United States*, 208 F. Supp.2d 403, 407 (S.D.N.Y. 2002) (sufficient notice given where, although defendant had been deported, notice was mailed to home where defendant's wife and children still resided).

Seizure via certified mail sent to his mother's house, which was also (i) the location of the subject seizure and (ii) Brown's last known address. On the latter point, the search warrant affidavit confirms that multiple confidential sources identified that location as Brown's residence and that police surveillance linked Brown to that address. (Doc. 86, Att. I, at 2.) Moreover, among the evidence collected during the November 21, 2012 search was the Currency (which Brown says belongs to him), an "assortment of Anthony Brown papers," and a firearm registered to Brown. (Doc. 86, Att. I, at 5.) Additionally, in purchasing the subject firearm, Brown used the same 2100 Royal Street address. (Doc. 86, Att. II.) And Brown's Alabama driver license that expired in April 2012 listed an address of 2100 Royal Street. (Doc. 86, Att. III.) Each of these data points pointed unambiguously to 2100 Royal Street as the only known location to provide notice of forfeiture to Brown.[7]

On this record, the Court readily concludes that the Government satisfied the requirements of § 983 and due process by providing notice of forfeiture that was reasonably calculated, under all the circumstances, to apprise Brown of the pendency of the action and to afford him an opportunity to present objections. Having carefully considered all of Brown's proffered counterarguments, the Court finds them to be meritless.[8]

---

[7] The point is strengthened (and the good faith of Brown's objection is compromised) by the fact that, in a Presentence Investigation Report prepared in May 2014, Brown "advised that his legal address was 2100 Royal Street in Selma, Alabama." (Doc. 48, ¶ 43.) So Brown is now arguing that the Government provided legally inadequate notice of the DEA forfeiture proceedings, even though he has previously acknowledged that the address where his mother received notice directed to him was, in fact, his "legal address." Viewed through that prism, Brown's objection that the Government violated his due process and statutory rights by sending notice of administrative forfeiture proceedings to a location that he admits is his legal address crosses the threshold of frivolity.

[8] For example, Brown faults the Government by insisting that "DEA Agents Knew Brown did not reside at the Royal Street Address" (doc. 89, at 2), but he offers no evidence to support such a self-serving conclusory statement. To be sure, the notice requirements of due process and § 983(e) may be violated where the Government sends notice to a place where it knows the defendant will not receive it. But that is not what happened here. There is no evidence that, as of mid-January 2013 (when Notice of Seizure was sent), the DEA had any knowledge or reason to believe that Brown did not reside at 2100 Royal Street, much less that notices sent to him at that address might not reach him (either directly, or through his mother, who actually received and signed for the Notice on his behalf). The Government had no reason to believe that Kimberly Brown would not alert her son (Brown) after she signed for a Notice of Seizure mailing addressed to him on January 17, 2013. (As an aside, Kimberly Brown's (Continued)

### III.     Conclusion.

For all of the foregoing reasons, Brown's Motion to Set Aside Declaration of Forfeiture (doc. 82) is **DENIED**.  Because the undersigned is the opinion that any appeal from this Order would not be taken in good faith, Brown will not be permitted to take an appeal *in forma pauperis*.

DONE and ORDERED this 9th day of July, 2015.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE

---

assertion that she neglected to inform Brown of this development because he "was arrested shortly afterwords [*sic*]" strains credulity.  Kimberly Brown received and signed for the Notice some 24 days before her son was arrested, yet she did not bother to tell him that the DEA was pursuing forfeiture of more than $22,000 of his money?  Even if the arrest occurred "shortly afterwards" (which it did not), there is no logical reason why that event should have deterred Kimberly Brown from telling Anthony Brown about the Notice of Seizure.)  Contrary to Brown's argument, the DEA had no basis for concluding that Kimberly Brown's signature on the certified receipt meant that Brown was unaware of the Notice of Seizure, so it had no reason to take further/additional steps to provide him with notice.  And Brown's point that the DEA could have given him notice after he was arrested and detained on February 10, 2013 is a red herring.  By that time, the DEA had <u>already</u> provided notice reasonably calculated to apprise Brown of the forfeiture.  There was no legal or constitutional requirement for the Government to engage in a second, subsequent round of notification after Brown was taken into custody, when it had no reason to doubt the efficacy of its first attempt of notice.  Finally, Brown's challenge to the sufficiency of the published notice on the www.forfeiture.gov website is unfounded.  The Government's evidence demonstrates that publication notice was completed in precisely the manner specified by 28 C.F.R. § 8.9(a)(1)(ii), via authority conferred by 19 U.S.C. § 1607(a).  That regulation provides that notice by publication is effective if the seizing agency performs <u>either</u> "Publication once each week for at least three successive weeks in a newspaper generally circulated in the judicial district where the property was seized" <u>or</u> "Posting a notice on an official internet government forfeiture site for at least 30 consecutive days." 28 C.F.R. § 8.9(a)(1)(i)-(ii).  Brown cannot articulate any viable objection to the DEA's selection of the second option rather than the first, and his attack on the authenticity of the Government's records of the notice of publication is likewise misguided.  The Government was not required to present such proof in admissible form, and Brown has offered no colorable basis for questioning whether the subject exhibits are true and accurate copies of records maintained by the DEA in the ordinary course of business.  The Court will not set an evidentiary hearing to resolve Brown's objection to the sufficiency of the Government's proof of compliance with requirements governing notice by publication.